875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Lee CAHILL, Petitioner-Appellant,
v.
Terry L. MORRIS, Respondent-Appellee.
 No. 88-3704.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and BARBARA K. HACKETT,* District Judge.
 PER CURIAM.
 
 
 1
 Cahill appeals the judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 claiming that 1) he was mentally incompetent at the time he entered his guilty plea due to hallucinations resulting from an overdose of drugs three days prior to the plea hearing and 2) that he was denied the effective assistance of counsel because counsel failed to investigate the effects of the overdose.
 
 
 2
 On October 14, 1981, a grand jury indicted Cahill on five counts. Two counts of aggravated robbery, two counts of theft of drugs and one count of having a weapon while on parole. On November 4, 1981, Cahill entered a plea of guilty and was convicted of aggravated burglary and having a weapon while under parole and was given an aggregate sentence of eight to thirty years. From October 5, 1981 to November 1, 1981 Cahill was placed on the psychiatric range at the jail because Falls View Psychiatric Hospital, a state institution of Ohio, had diagnosed him as having had a drug induced acute psychotic episode. On November 1, 1981, inmates notified jail guards that Cahill appeared to be suffering from a drug overdose. Cahill was taken to Akron City Hospital and his stomach was pumped. The hospital discharged Cahill at about 10:00 p.m. on November 1, 1981 and he returned to a holding cell at the jail. At 9:00 a.m. the next morning on November 2, 1981, Thomas Ciccolini, Cahill's attorney, visited him at the jail. Ciccolini found Cahill alert and discussed plea negotiations. Cahill mentioned that he was at the hospital but did not say why. Later on November 2, 1981, a psychiatric social worker, Adkins, interviewed Cahill. Adkins prepared a four page report of his interview with Cahill and concluded that Cahill was not suicidal. From the time of his overdose until he entered his plea, Cahill consumed no drugs or alcohol. Ciccolini met Cahill again on November 3, 1981, and discussed the plea hearing scheduled for November 4, 1981. At the plea hearing on November 4, 1981, Cahill entered a plea of guilty to aggravated burglary and to having a weapon while on parole. The remaining counts were dismissed.
 
 
 3
 Cahill did not take a direct appeal from his conviction. On January 9, 1985, he filed in the trial court of Ohio a pro se petition for post conviction relief claiming that: 1) he was mentally incompetent when he entered his guilty plea due to hallucinations from an overdose of drugs, and 2) he received ineffective assistance of counsel. On September 12, 1985, the trial court issued a decision dismissing the petition. Cahill appealed the dismissal of his petition to the Court of Appeals of Summit County, 9th Appellate District of Ohio, where he claimed that: 1) the trial court erred in not holding an evidentiary hearing to determine if his guilty plea was voluntary, and 2) his counsel rendered ineffective assistance for failing to investigate his competency to enter a plea in view of his attempted suicide three days before the plea hearing. The court of appeals overruled each assignment of error and affirmed the judgment of the trial court. Cahill sought leave in the Ohio Supreme Court to appeal the decision of the court of appeals. Cahill presented essentially the same issues to the Supreme Court as he had to the court of appeals. On July 9, 1986, the Ohio Supreme Court denied leave to appeal and dismissed the appeal for lack of a substantial constitutional question. On September 23, 1986, Cahill filed a pro se petition for a writ of habeas corpus in the district court, alleging that his guilty plea was involuntary because he was mentally incompetent and counsel rendered ineffective assistance in failing to investigate his mental competency.
 
 
 4
 On April 22, 1987, the district court referred Cahill's petition for writ of habeas corpus to a magistrate. The magistrate issued a decision in which he found that an evidentiary hearing was necessary on Cahill's claim of ineffective assistance of counsel. On December 8, 1987, the magistrate held an evidentiary hearing on Cahill's claims for ineffective assistance of counsel and his claim for an involuntary guilty plea because of mental incompetence due to a drug overdose. The magistrate found that Cahill had exhausted his state remedies as to the grounds for relief advanced by Cahill in his petition for federal habeas corpus relief. The magistrate found that the state court findings with regard to Cahill's claim of an involuntary guilty plea were not adequately developed nor reliable and not supported by the record. The magistrate held that the Sec. 2254(d) presumption of correctness as to state court findings concerning a involuntary guilty plea did not apply, and it was proper for the magistrate to hold an evidentiary hearing on the issue of whether Cahill's guilty plea was voluntary.
 
 
 5
 Following the evidentiary hearing, the magistrate issued a report and recommendation. The magistrate held that Cahill failed to establish that he was not competent to enter a guilty plea under the standards set forth in Dusky v. United States, 362 U.S. 402 (1960). The magistrate further held that Cahill had not carried his burden of satisfying either prong of Strickland v. Washington, 466 U.S. 668 (1984), or Hill v. Lockhart, 474 U.S. 52 (1985), and denied his claim of ineffective assistance of counsel. The magistrate refused to admit opinion testimony of a Richard Cassner, a doctor of pharmacy, stating that the foundation evidence indicated that Dr. Cassner had no expertise in the area of mental competence, and, therefore, could provide no opinion as to whether Cahill was competent to enter a plea in November, 1981.
 
 
 6
 On June 30, 1988, the district court issued an order denying Cahill's objections and adopting the magistrate's report and recommendation. The district court noted that the magistrate had conducted an exhaustive evidentiary hearing and had produced a transcript in excess of 250 pages. The district court declared that the magistrate had properly considered Cahill's testimony and had properly applied Dusky v. United States, 362 U.S. 402 (1960). The district court stated that the magistrate also had properly considered Cahill's ineffective assistance of counsel argument and in recommending that claim be rejected, had appropriately applied the Hill v. Lockhart, 474 U.S. 52, 59 (1985) modification of the test outlined in Strickland v. Washington, 466 U.S. 668 (1984). The district court stated that it had give de novo consideration to Cahill's lengthy objection to the magistrate's report and recommendation and found Cahill's arguments to be without merit. Specifically, the district court considered Cahill's objection to the magistrate's refusal to hear and consider the opinion testimony of Dr. Cassner and found no error in the magistrate's position. The district court stated that even if the court were, in its de novo review, to give consideration to the proffered testimony of Cassner, it would not have changed the outcome.
 
 
 7
 The district court found that Cahill was afforded competent counsel at all stages of the proceedings in the Summit County Common Pleas Court and that Cahill did enter into a voluntary guilty plea with a full understanding of the consequences of the plea and the plea was intelligently made.
 
 
 8
 We affirm the judgment of the district court.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation